Sedrak ISRAYELYAN, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 05–70827.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.**

Filed May 27, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Sedrak Israyelyan, Fresno, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM ***

Sedrak Israyelyan, a native and citizen of Armenia, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we grant the petition and remand.

Substantial evidence does not support the agency's conclusion that Israyelyan did not suffer past persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004). First, the IJ's conclusion that there was no indication that Israyelyan was beaten or harmed during his January 1, 2000 detention is belied by the record, because Israyelyan testified that the soldiers beat him during this detention. Further, the BIA's conclusion that Israyelyan suffered only one beating in January of 2000, ignores his testimony that police attacked and beat him or him and members of his group during April of 2000. Finally, the IJ's conclusion that there was no evidence that Israyelyan's forced additional military service was on account of his religious practice is belied by the record, because Israyelyan testified that he was arrested by members of the military, who demanded that Israyelyan stop his religious activities. *See id.*

Accordingly, we grant the petition for review and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.